**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DELBERT G. SHAFFER, III, et al.,**

      **Plaintiffs,**

                              **Case No. 2:12-cv-1092**

    **v.**                         **JUDGE GREGORY L. FROST**

                                   **Magistrate Judge Terence P. Kemp**

**UNITED STATES OF AMERICA,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to dismiss filed by the Defendant, the United States of America (ECF No. 17), a memorandum in opposition filed by Plaintiff Delbert G. Shaffer, III (ECF No. 21), and a reply memorandum filed by Defendant (ECF No. 22). The Court finds the motion to dismiss not well taken.

## I.      Background

According to the complaint, Delbert G. Shaffer, Jr. was a passenger in a Veteran Affairs ("VA") transport van that was taking him from his home to a VA clinic on April 17, 2011. Shaffer was sitting on his motorized scooter while traveling in the van, and when the van suddenly stopped, the scooter came loose and Shaffer was thrown forward into the front of the van. He allegedly sustained a right shoulder fracture, head contusions and lacerations, internal bleeding, and acute kidney injury. Shaffer subsequently contracted pneumonia and passed away.

The administrator of Shaffer's estate is Plaintiff Delbert G. Shaffer, III, who together with his sibling, Plaintiff Larry Shaffer, subsequently filed this lawsuit. Alleging that Shaffer's scooter had been improperly secured, they assert under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, a wrongful death/negligence claim (Count One), a survivorship claim

(Count Two), and a loss of consortium claim (Count Three).  (ECF No. 1.)  Defendant has filed a motion to dismiss the complaint.  (ECF No. 17.)  The parties have completed briefing on the motion, which is ripe for disposition.

## II.      Discussion

### A.  Standard Involved

Defendant seeks to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, under 12(b)(6) for failure to state a claim upon which this Court can grant relief.  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction.  *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.  A facial attack on subject matter jurisdiction challenges whether a plaintiff has properly alleged a basis for proper subject matter jurisdiction, and a district court must regard the allegations of the complaint as true.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction.  No presumptive truthfulness applies to the factual allegations, and a district court may weigh the evidence in ascertaining whether jurisdiction exists.  *Id*.  Defendant's motion presents both a facial and a factual attack on jurisdiction.

Defendant alternatively seeks dismissal on the grounds that Plaintiffs have failed to set forth claims upon which this Court can grant relief.  This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Plaintiffs' complaint in their favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570

(2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Jurisdiction**

It is well settled that "[p]rior to filing a complaint under the FTCA, a plaintiff must exhaust administrative remedies." *Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) (citing 28 U.S.C. § 2675(a)); *see also Ellison v. United States*, 531 F.3d 359, 361-62 (6th Cir. 2008). What this means is that "[c]laimants seeking to bring an action under the FTCA against the United States for money damages must first present the claim to the appropriate agency and have the claim finally denied by the agency." *Wilson v. United States*, 93 F. App'x 53, 54 (6th Cir. 2004). The Sixth Circuit has explained that "[t]his exhaustion requirement is jurisdictional." *Bumgardner*, 469 F. App'x at 417 (citing *Joelson v. United States*, 86 F.3d 1413,

1422 (6th Cir. 1996)).  Defendant argues that because none of the three administrative claims at issue here were properly presented to the relevant agency and therefore fail to constitute valid claims that satisfy this exhaustion requirement, the Court lacks jurisdiction and dismissal is warranted.[1]

Each of the three claims was submitted on Standard Form 95 ("SF 95").  The first page of SF 95 contains a box for the "Name, Address of claimant and claimant's personal representative, if any."  (ECF No. 17-1, at Page ID # 57; ECF No. 17-2, at Page ID # 58.)  Italicized instructions in this box direct the individual completing the form to "[s]ee instructions on reverse."  (ECF No. 17-1, at Page ID # 57; ECF No. 17-2, at Page ID # 58.)  The relevant instructions on page two of SF 95 then provide:[2]

> The claim may be filed by a duly appointed agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

---

[1]  Although the complaint references an exhibit consisting of two administrative claim forms submitted to the Department of Veterans Affairs, Plaintiffs failed to attach any such exhibit to the pleading.  (ECF No. 1 ¶ 9.)  Defendant has supplied the two claim forms as exhibits to its motion to dismiss.  (ECF Nos. 17-1 & 17-2.)  Defendant has also filed as an exhibit a third claim form submitted to the Department of Veterans Affairs subsequent to the filing of this lawsuit. (ECF No. 17-3.)

[2]  Defendant has provided this Court with only the first (or front) page of the September 1, 2011 and November 28, 2011 claim forms.  (ECF No. 17-1, at Page ID # 57; ECF No. 17-2, at Page ID # 58.)  The third form provided for the December 20, 2012 claim contains the second (or back) page containing the form instructions.  (ECF No. 17-3, at Page ID # 60.)  The Court recognizes that all three forms indicate that they are Standard Form 95 with a revision date of February 2007.  (ECF No. 17-1, at Page ID # 57; ECF No. 17-2, at Page ID # 58; ECF No. 17-3, at Page ID # 59.)  Because the forms are all the same version, the Court can consider the back page instructions as informing all three claims despite the missing exhibit pages.

(ECF No. 17-3, at Page ID # 60.)  The instructions also provide that a claim is deemed presented when an executed form is presented to the appropriate federal agency and caution that "[f]ailure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid."  (*Id.*)

The instructions explain that "[c]omplete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14." (*Id.*)  The information targeted by the instructions indeed tracks the requirements set forth in 28 CFR § 14.2(a), which provides:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 CFR § 14.2(a).  Thus, according to the regulation, a claimant is required to submit (1) a completed and signed SF 95 or other written notification of the incident, (2) a demand for damages in a sum certain, (3) the title or legal capacity of the person signing the SF 95 or notification, and (4) evidence of that person's authority to present a claim on behalf of the claimant if someone other than the claimant signs.

As noted, Defendant asserts that none of the three forms involved here meet these applicable requirements.  The first administrative claim is dated September 1, 2011.  There are three "received" stamps on the form; Defendant alleges that the form was received by the Department of Veterans Affairs on March 22, 2012.  This form identifies the claimant as "Delbert G. Shaffer, Jr[.], c/o George R. Oryshkewych, Esq.," and Oryshkewych signed the

form.  (ECF No. 17-1, at Page ID # 57.)  Defendant argues that this claim is invalid because

Delbert G. Shaffer, Jr. died on October 2, 2011.

In a December 5, 2012 letter, counsel for the Department of Veterans Affairs explained

the basis for Defendant's issue with the form, noting that

> the initial Standard Form 95 (SF 95) was delivered by certified mail to VA
> General Counsel in Washington, D.C. on December 6, 2011.  Please be aware that
> the date received by VA is the date the claim is considered to have been filed.
> Mr. Oryshkewych, as his attorney, was signing on behalf of Mr. Shaffer.  Mr.
> Shaffer died on October 2, 2011.  So by December 6, 2011, since Mr. Shaffer had
> died[,] Mr. Oryshkewych no longer had authority to sign on behalf of Mr. Shaffer.
> Therefore, the first SF 95 is invalid.

(ECF No. 17-4, at Page ID # 61.)  This explanation is not controlling, but is presented here as a

summary of the position upon which Defendant relies.

Regardless of which "received by" stamp on the form is the date of filing, there is no

question that the filing date fell after Delbert G. Shaffer, Jr.'s demise.  But there is a larger issue

that proves dispositive even regardless of the applicability of the regulation requirements.  This

Court agrees with Defendant that the form did not even include the wrongful death claim, which

means that the claim cannot be deemed exhausted based on this form so as to have enabled the

filing of this lawsuit.

The second administrative claim is dated November 28, 2011; unlike the first claim form,

there is no stamp indicating the date of receipt by the agency.  Plaintiffs suggest that they have

presented evidence suggesting delivery on December 6, 2011 (ECF No. 21, at Page ID # 80;

ECF No. 21-3, at Page ID # 88), but the VA  might disagree with this date (ECF No. 21-5, at

Page ID # 91).[3]  Obviously, the VA received the form at some point prior to December 5, 2012

---

[3]  Properly disregarding this evidence for purposes of a Rule 12(b)(6) inquiry does not produce a
different result than considering the extrinsic evidence.  The factual allegations of the pleading
indicate issuance of the form to the VA.  (ECF No. 1 ¶ 9.)

because VA counsel had the letter.  Regardless, Defendant does not move for dismissal on the grounds that the letter was never received.  Rather, Defendant attacks the substantive sufficiency of the form in light of the regulation.  The form identifies the claimant as "Delbert G. Shaffer III, Executor of the Estate of Delbert G. Shaffer, Jr., c/o George R. Oryshkewych," and Oryshkewych signed the form.  (ECF No. 17-2, at Page ID # 58.)  Defendant argues that this claim is invalid because the form does not provide documentation indicating Oryshkewych's authority to represent the estate.

In his December 5, 2012 letter, counsel for the Department of Veterans Affairs also explained the issues with this second claim form:

> In addition, the second Standard Form 95 is also invalid, as Mr. Oryshkewych has not submitted any documentation that Delbert Shaffer III. [sic], the Administrator of the Estate of Delbert Shaffer, Jr., had given Mr. Oryshkewych any authority to represent him.  I also point out that so far no proof has been submitted that the second Standard Form 95 was ever received by VA.

(ECF No. 17-4, at Page ID # 61.)  Again, this explanation is not controlling, but is presented as a summary of the position upon which Defendant relies.

Here, this Court only partially agrees with Defendant.  In the words of the form instructions, there is no "evidence satisfactory to the Government . . . submitted with the claim establishing express authority to act for the claimant."  (ECF No. 17-3, at Page ID # 60.)  The form fails to "show the title or legal capacity" of Oryshkewych and is not "accompanied by evidence of [his] authority to present a claim on behalf of" the estate.  (*Id.*)  As a result, in the language of the applicable federal regulation, there is a failure to provide "the title or legal capacity of the person signing" and there is no accompanying "evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."  28 CFR § 14.2(a).  Unlike the first claim form, there is not even an

indication on this second form that  Oryshkewych is an attorney.  Defendant is correct that the second form therefore fails to satisfy the capacity and authority requirements.  This does not mean that Defendant necessarily obtains dismissal, however, as discussed below.

The third administrative claim is dated December 20, 2012.  A "received" stamp on the form indicates receipt by VA Regional Counsel on February 4, 2013.  This form identifies the claimant as "Delbert G. Shaffer III, Executor c/o George R. Oryshkewych, Esq.," and Plaintiff Delbert G. Shaffer III signed the form.  (ECF No. 17-3, at Page ID # 59.)  Given that Plaintiffs filed the instant action on November 28, 2012, this third administrative claim form obviously does not predate this lawsuit.  Defendant argues that although this form constitutes a valid administrative claim, it cannot salvage the instant lawsuit because exhaustion must occur prior to the filing of an FTCA claim in court.[4]  This Court need not and does not opine on that issue because the second form renders the issue moot.

Today's outcome turns on the treatment afforded the relevant portions of 28 CFR § 14.2(a) and the consequent form instructions Defendant's implicit premise that the regulation

_____

[4]  Defendant states that the third claim form submitted was a valid initiation of the administrative process and that Plaintiffs should "cooperate with and permit the investigation and mediation of [the] administrative tort claim, and, if dissatisfied with the results, reserve[] the option to file [a] lawsuit with this Court."  (ECF No. 22, at Page ID # 101.)  This approach again echoes the approach implicit in the December 5, 2012 letter from counsel for the Department of Veterans Affairs, which after summarizing why the first two claims were deficient, provided:

> I suggest that all this can be cured if Delbert Shaffer III submits a newly executed Standard Form 95 to VA at the address on this letterhead.  I remind you that the limitations period in Federal Tort Claims Act cases for wrongful death is two years from the date of the decedent's death  (See 28 USC 2401).

(ECF No. 17-4, at Page ID # 61.)  Delbert G. Shaffer, Jr. passed away on October 2, 2011.  The third claim form, which Defendant has represented repeatedly to this Court as a valid form, was filed on February 4, 2013.  Thus, even if Defendant had obtained dismissal today, Plaintiffs could have elected to proceed accordingly from the third form (and perhaps to a new lawsuit) instead of appealing to the Sixth Circuit whether presentation for jurisdictional purposes consists of two or four components.

defines what constitutes a claim.  If that is indeed true, then no court could logically pick and choose which parts of 28 CFR § 14.2(a) matter; they all must.  *See Kanar v. United States*, 118 F.3d 527, 528-29 (7th Cir. 1997) ("Twice this court has held that § 14.2(a) establishes the elements of a "claim."  Neither case dealt with the evidence-of-authority element, but the decision to use the regulation as the point of reference precludes selecting among its elements; then the court would not be using the regulation at all but would be supplying an independent definition of claim.").

 *Kanar* involved a failure to satisfy the fourth part of the regulation, the authority component.  That case presents a worthwhile discussion on whether the regulation and its four requirements *should* matter.  The case also provides that the Sixth Circuit, similar to other Circuits, has held that only a minimal notice of a statutory claim is required—in other words, any document that identifies the incident and demands a sum certain in damages is sufficient, regardless of any noncompliance with additional regulation requirements.  *Id.* at 529.  Whether that is indeed true is the extant issue.

 The Sixth Circuit has explained that " '[t]he circumstances of [the waiver of sovereign immunity] must be scrupulously observed and not expanded by the courts' " and that "an administrative claims under the FTCA must be in careful compliance with its terms."  *Blakely v. United States*, 276 F.3d 853, 864-65 (6th Cir. 2002) (quoting *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000)).  Although it appears that the court of appeals has indeed routinely phrased the presentation requirements as targeting written notice of a claim accompanied by a claim for money damages in a sum certain, this more limited articulation might be regarded as an outgrowth of the specific issue involved in those particular cases and not a negation of the remaining capacity and authority components that are also set forth in the

regulatory scheme.  *See, e.g., id.* (addressing whether a petition for remission that did not request damages and did not contain a sum certain satisfied the FTCA presentation requirements); *see also  Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (addressing whether a letter that was not a claim for damages satisfied the FTCA presentation requirements).  This construction would suggest that maybe the Sixth Circuit ignored referencing the capacity and authority requirements because they did not matter in those cases.

Under such a view, the acceptance of less than complete claim information deemed acceptable in a case such as *Douglas v. United States* does not necessarily mean that only select portions of the regulation presentment requirements matter.  658 F.2d 445, 447-48 (6th Cir. 1981).  Rather, perhaps *Douglas* can be read to stand for the proposition that a claim that satisfies the four presentment requirements is valid and will not be deemed incomplete when a claimant does not also comply with an agency's request for such things as medical reports and insurance records.  *Id.* at 447.  Defendant's argument implicitly endorses this approach; Defendant asserts that *Douglas* "made no sweeping dismissal of the significance or application of 28 CFR § 14.2(a)."  (ECF No. 22, ate Page ID # 101.)  If Defendant is correct, then the Sixth Circuit's consistent characterization of the presentment of a claim as consisting of only two components could then be read as shorthand for the narrow issues involved in those particularized contexts.  What this would mean is that if and when the capacity and authority components mattered in a specific case, then a fuller articulation and application of the regulation presentment requirements would be necessary.

*Kanar* provides support for crediting all of the four core requirements.  118 F.3d at 531 (affirming dismissal of action where administrative claim failed to establish the authority of the claimant's representative).  Similar support exists in the Eighth Circuit.  In *Mader v. United*

*States*, 654 F.3d 794 (8th Cir. 2011) (en banc), the Eighth Circuit addressed whether the

authority component mattered for jurisdictional purposes.  That court of appeals reasoned that it

is

> readily apparent that the administrative presentment requirement serves a practical purpose—it provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit.  It naturally follows, then, that § 2675(a) requires the presentment of evidence of a personal representative's authority to act on behalf of a claim's beneficiaries, something totally essential to meaningful agency consideration.

*Mader*, 654 F.3d at 800-01 (citation omitted).  This arguably makes sense.  Perhaps it is odd to

deem a claim presented for consequent agency consideration when there is no apparent basis for

concluding that the person presenting the claim has any actual ability to bring, much less

negotiate, that claim.  The Eighth Circuit recognized this, stating that

> we hold that a properly "presented" claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law.  The presentation of such evidence is not a pointless administrative hurdle—it is fundamental to the meaningful administrative consideration and settlement process contemplated in §§ 2675(a) and 2672.  Moreover, we note that the presentation of such evidence is far from burdensome.  Assuming a representative is, in fact, duly authorized to present an FTCA claim on behalf of beneficiaries under applicable state law, evidence of such authority is uniquely in the representative's possession.
>
>     We recognize that our interpretation of § 2675(a) is consistent with the Attorney General's regulation, 28 C.F.R. § 14.2(a).  The parties devoted much attention in their briefs to the question of whether Congress's express grant of rulemaking authority under § 2672 authorized the Attorney General to define § 2675(a)'s presentment requirement.  We are strongly inclined to think that it did.  If so, the regulation is entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), or, at least, *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944).  But, in this case, there is "no occasion to defer and no point in asking what kind of deference, or how much," because § 14.2(a)'s interpretation of § 2675(a) is the interpretation "we would adopt even if there were no formal rule and we were interpreting the statute from scratch."  *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 114, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002).  The Attorney General's regulation is, in essence, merely a paraphrase of the inherent requirements of §§ 2675(a) and 2672.

*Id.* at 803-04.  This approach would mitigate if not nullify much of the parade of horribles that Defendant suggests exists if the regulations do not apply to presentment.

As noted, however, both the Seventh Circuit and the Eight Circuit have characterized the Sixth Circuit as not requiring four-component presentment, but requiring only the minimal notice approach that reads out the non-statutory capacity and authority regulation components.  This is a wholly correct understanding of the binding case law in the Sixth Circuit.

Years after *Douglas*, the Sixth Circuit decided *Knapp v. United States*, 844 F.2d 376 (6th Cir. 1988).  Inexplicably, in over thirty pages of briefing, neither side in this case cites directly to *Knapp*.  This is curious because *Knapp*, which has set forth the law in this Circuit for over twenty-five years, resolves the instant dispute by, in Defendant's words, recognizing a "sweeping dismissal of the significance or application of 28 CFR § 14.2(a)."

The issue in *Knapp* was whether an administrative claim had been properly presented for FTCA jurisdictional purposes when the plaintiff had submitted a claim form to the requisite agency that arguably did not satisfy capacity and authority requirements set forth in 28 CFR § 14.3.  In resolving the issue, the Sixth Circuit turned to the meaning of *Douglas*, explaining:

> In *Douglas* this court determined that the statute, not the regulations, established the jurisdictional requirements for an FTCA action.  The FTCA does not require an actual "exhaustion of administrative remedies"; 28 U.S.C. § 2675(a) merely requires that the claim be presented administratively and finally denied, and 28 U.S.C. § 2401(b) requires that the presentation be made within two years.  We adopted the Fifth Circuit's conclusion and rationale that the requirements of 28 U.S.C. § 2675(a) are met "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim."  658 F.2d at 447. (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)).

*Knapp*, 844 F.2d at 378-79.  Stressing the point, the court of appeals then explained that "this court determined in *Douglas* that the regulations contained in 28 C.F.R. §§ 14.1-14.11 'govern

administrative settlement proceedings; they do not set federal jurisdictional prerequisites.' " *Id.* at 379 (quoting *Douglas*, 658 F.2d at 447-48).

The end result of this reasoning is that "[a] claimant who fulfills the requirements of § 2675(a) but does not comply with the regulations merely loses 'the opportunity to settle . . . outside the courts'; her right to bring an action in district court is not affected." *Id.* (quoting *Douglas*, 658 F.2d at 448). Thus, the failure to satisfy the 28 CFR § 14.3(e) requirement at issue in *Knapp*, which required evidence of the authority of a legal representative to present a claim on behalf of a claimant, meant only that the agency could refuse to negotiate with the claimant after she had presented the claim; it had no effect on her right to sue under the FTCA. *Id.* at 379, 380.

This rationale proves dispositive here. Under *Douglas* and *Knapp*, any failure to comply with the regulation capacity and authority requirements is meaningless in the Sixth Circuit for purposes of determining jurisdiction. The second claim form provided a sufficient description of the injury and set forth a statement of the value of the claim expressed as a sum certain. That is enough. *See Conn v. United States*, 867 F.2d 916, 918-19 (6th Cir. 1989). There was presentment and no disposition, so the claims are deemed exhausted. Plaintiffs are properly before this Court.

### III.       Conclusion

The Court **DENIES** Defendant's motion to dismiss. (ECF No. 17.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE